Under this Court's analysis in Ex parte Oswalt,686 So.2d 368, 372 (Ala. 1996), anticipatory search warrants were not authorized under Alabama law at the time the *Page 1152 
police officers searched Michael Turner's home. Because I was not on the Court when it decided Oswalt and because I have not had the benefit of argument on the validity of that case,[4] I must apply the holding in Oswalt equally to all criminal defendants. MADDOX, Justice (dissenting).
When the search warrant in this case was issued, the Alabama Court of Criminal Appeals[5] and at least six courts of appeals for Federal circuits[6] had held that anticipatory search warrants were authorized.
I realize that this Court, in Ex parte Oswalt, 686 So.2d 373
(Ala. 1996), held that anticipatory search warrants were not authorized under the provisions of Rule 3.8, Ala.R.Crim.P. I dissented in that case. My view of what the law was, and should have been, is adequately stated in my dissenting opinion in Exparte Oswalt.
[4] The State has not challenged this Court's decision inOswalt, and Rules 3.7 and 3.8, Ala.R.Crim.P., have been amended to expressly permit anticipatory search warrants. SeeJackson v. Reed, 438 So.2d 750, 753 (Ala. 1983) (stating that this Court should not act sua sponte in addressing and deciding an issue not framed by the pleadings, where the issue is not of great public importance or of any great jurisprudential importance).
[5] Oswalt v. State, 686 So.2d 361 (Ala.Crim.App. 1994).
[6] United States v. Wylie, 919 F.2d 969 (5th Cir. 1990); UnitedStates v. Garcia, 882 F.2d 699 (2d Cir. 1989), cert. denied,493 U.S. 943 (1989); United States v. Dornhofer, 859 F.2d 1195 (4th Cir. 1988), cert. denied, 490 U.S. 1005 (1989); United States v.Hale, 784 F.2d 1465 (9th Cir. 1986), cert. denied, 479 U.S. 829
(1986); United States v. Lowe, 575 F.2d 1193 (6th Cir. 1978),cert. denied, 439 U.S. 869 (1978); United States v. Skaff,418 F.2d 430 (7th Cir. 1969).