Victoriano Rivera Lemus, Jr., was indicted for trafficking in marijuana, unlawful possession of marijuana in the second degree, and unlawful possession of drug paraphernalia. A jury found Lemus not guilty of trafficking in marijuana but guilty of possession of marijuana and possession of drug paraphernalia. The trial court sentenced Lemus to two concurrent terms of one year in jail. For each conviction, the trial court ordered Lemus to pay a $2,000 fine, court costs, and $25 to the Crime Victims Compensation Fund. Lemus appealed his convictions to the Court of Criminals Appeals on the ground, among others, that the trial court erred in denying his motion to suppress evidence seized pursuant to an invalid anticipatory search warrant. The Court of Criminal Appeals held that, at the time the anticipatory search warrant for Lemus's residence was issued in April 1996, Alabama law permitted anticipatory search warrants. The Court of Criminal Appeals cited Oswalt v. State,686 So.2d 361 (Ala.Crim.App. 1994), which was overruled by this Court on May 24, 1996, one month after the anticipatory search warrant for Lemus's residence was issued and executed. Ex parte Oswalt, 686 So.2d 368 (Ala. 1996). The Court of Criminal Appeals held alternatively that, even if the anticipatory search warrant was invalid, the police officers acted in good faith in executing the *Page 1074 
warrant and therefore that the evidence seized pursuant to the warrant was admissible. Lemus v. State, [No. CR-98-1248, December 3, 1999]796 So.2d 449 (Ala.Crim.App. 1999) (table).
This Court granted Lemus's petition for a writ of certiorari to determine whether the Court of Criminal Appeals erred in holding that Alabama law authorized the issuance of the anticipatory search warrant and that the good faith exception to the general exclusionary rule permitted the admission of the evidence seized during the execution of the anticipatory search warrant. We recently addressed the issue raised by Lemus in an indistinguishable case, Ex parte Turner,792 So.2d 1141 (Ala. 2000). Following Ex parte Turner, we reverse the judgment of the Court of Criminal Appeals in this case.
The operative facts in the case before us are as follows. In April 1996, a postal inspector in McAllen, Texas, received a "suspect" package addressed to Marcos Saldana, 1712 N. Brunner Street, Foley, Alabama 36535. The Texas postal inspector "contacted" a postal inspector in Mobile, Alabama — Mike Willis. After Willis received the package, he obtained a federal search warrant for the package on the basis that the package was sent from a "known drug area," was heavily taped, and was not marked with a valid return addressee and address. Willis photographed the package, opened it, weighed the contents, and tested the contents. Tests confirmed that the package contained nine pounds of marijuana. Thereafter, Willis installed a beeper in the package and resealed it for a controlled delivery. "The beeper was rigged to alert [the officers] when the package was opened and the contents were removed." (R. 97.)
In cooperation with the Baldwin County Sheriff's Department, Inspector Willis arranged a "controlled delivery." Deputy Dean McGowin of the Baldwin County Sheriff's Department obtained a search warrant for Lemus's residence based upon information supplied to him by Inspector Willis. The probable cause for the search warrant "was that the [package] would be delivered to the residence and that there would be marijuana inside the residence." The search warrant was issued and executed on April 5, 1996.
A postal inspector delivered the package to Lemus's residence at noon on April 5, 1996, while a surveillance team watched. About 10:00 p.m., when the officers had not yet been alerted by the beeper in the package, they entered Lemus's residence and executed the search warrant. Lemus, his wife, their three children, and Christina Ernesto, who also lived in the residence, were all present. The officers searched Lemus and found a small amount of marijuana in his pocket. The officers also found the package, unopened, near a set of scales in the back bedroom of the residence. The officers found another set of scales and a marijuana pipe in the kitchen. The officers then arrested Lemus.
Lemus was charged with trafficking in marijuana, possession of marijuana for personal use, and possession of drug paraphernalia. Lemus moved to suppress the evidence against him on the ground that the anticipatory search warrant was illegal. After hearing testimony and arguments, the trial court denied the motion. At trial, Lemus admitted possession of the small amount of marijuana found in his pocket, but denied any knowledge of the packaged marijuana and the drug paraphernalia found during the search of his residence. The jury acquitted Lemus of the charge of trafficking in marijuana but found him guilty of the other charges. *Page 1075 
Recently, in Ex parte Turner, an indistinguishable case,[1] this Court held that the anticipatory search warrant based on a postal inspector's determination that a "suspicious" package addressed to Turner from a "resident" in Los Angeles, California, contained marijuana, was not "authorized by statute or court rule." 792 So.2d at 1151. This Court stated, "At the time the warrant was issued and executed [on September 6, 1995], Alabama statutory law and procedural rules neither permitted nor contemplated anticipatory search warrants." Ex parte Turner, 792 So.2d at 1151. Within the authority of United States v. Leon, 468 U.S. 897,104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), this court rejected the application of the Leon "good faith" exception to the exclusionary rule to theTurner case then before us:
 "The courts are duty-bound to superintend the preservation of citizens' constitutional protections. When a search warrant is issued without the authority of a constitutional statute or court rule correctly interpreted, application of the exclusionary rule is necessary to preserve the citizens' remaining protections under the Fourth Amendment to the United States Constitution and Article I, § 5 of the Alabama Constitution of 1901 because a motion to suppress is the only effective way to invoke the supervision of the trial courts and the appellate courts over this field of law.
". . . .
 "Without the authority of the warrant, the police officers in Turner's case lacked authority to invade the privacy of his home or to conduct any search or seizure. Magistrates must heed the law of this State in issuing search warrants. The district judge who issued this warrant was bound by the strictures of the law. The trial court had the obligation, during the suppression hearing, to determine whether any Alabama statute or rule of procedure authorized anticipatory search warrants. The appellate courts, including this one, are duty-bound to preserve the rule of law in the issuance of search warrants. Suppression of evidence seized pursuant to a search warrant issued contrary to the rule of law is necessary to preserve the rule of law itself. Therefore we hold that the trial court erred in denying Turner's motion to suppress."
Ex parte Turner, ___ So.2d at ___.
Like the search warrant in Ex parte Turner, the anticipatory search warrant authorizing a search of Lemus's residence was not authorized by statute or court rule at the time the warrant was issued and executed.[2]
Because the search of Lemus's *Page 1076 
residence was illegal, the marijuana and drug paraphernalia seized during the search of his residence and his body are inadmissible as "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471,488 (1963); and Moore v. State, 650 So.2d 958, 964
(Ala.Crim.App. 1994). See also Duncan v. State, 278 Ala. 145, 171,176 So.2d 840, 865 (1965) ("[A]n unlawful search taints not only the evidence obtained at the search, but facts discovered by a process initiated by the unlawful search."). Thus the trial court erred in failing to suppress the marijuana and drug paraphernalia offered against Lemus.
Consequently, we reverse the judgment of the Court of Criminal Appeals affirming the judgment of the trial court and its denial of Lemus's motion to suppress the evidence against him. We remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Lyons and Woodall, JJ., concur.
See, J., concurs specially.
Houston, J., concurs in the result.
Moore, C.J., and Harwood, J., dissent.
Stuart, J., recuses herself.*
* Justice Stuart was the trial judge in this case.
[1] A United States postal inspector intercepted the suspicious package addressed to Turner at his Birmingham residence; and, after a Birmingham K-9 unit dog alerted officers to the presence of marijuana in the package, the postal inspector obtained a search warrant for the package. Tests of the contents of the package confirmed that the package contained five bundles of marijuana. Officers of the Birmingham Police Department kept two marijuana bundles and repackaged the other three bundles for a "controlled delivery" to Turner's apartment. Officers then obtained an anticipatory search warrant for Turner's apartment, to be executed upon the successful delivery of the package. The postal inspector, disguised as a mail carrier, delivered the package. Turner did not open the package upon receiving it. Some time after the package had been delivered, a Birmingham police officer executed the anticipatory search warrant for Turner's apartment, searched the premises, and seized the package. Turner was arrested and charged with trafficking in marijuana. At trial, Turner moved to suppress the marijuana on the ground that the search of his residence was illegal. The trial court denied the motion.
[2] Anticipatory search warrants have since been authorized by Rules 3.7 and 3.8, Ala.R.Crim.P.