868 So.2d 474 (2003)
Frank Ray BALL
v.
STATE.
CR-01-2550.
Court of Criminal Appeals of Alabama.
June 27, 2003.
Vader Al Pennington, Mobile, for appellant.
William H. Pryor, Jr., atty. gen., and Hense R. Ellis II, asst. atty. gen., for appellee.
McMILLAN, Presiding Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
BASCHAB, SHAW, and WISE, JJ., concur. COBB, J., dissents, with opinion.
COBB, Judge, dissenting.
Before entering his guilty plea, Frank Ball reserved the right to appeal the trial court's order denying his motion to suppress evidence seized during a search. The majority, in its unpublished memorandum, holds that the search warrant was invalid because the affidavit submitted to the magistrate did not establish probable cause. The majority determined, however, that the good-faith exception to the exclusionary rule, United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), applied and that the evidence was properly admitted. I agree that the warrant was invalid, but I do not agree that the good-faith exception applies. The motion to suppress should have been granted.
In United States v. Leon, the Supreme Court held that evidence obtained pursuant to a facially valid search warrant that is later determined to be invalid is admissible if the officers acted in good faith and in objectively reasonable reliance on the warrant. Id. at 922, 104 S.Ct. 3405. The Court recognized four circumstances in which the good-faith exception was inapplicable: (1) when the magistrate relied on information in an affidavit that the affiant knew was false or would have known was false but for his reckless disregard of the truth; (2) when the magistrate abandoned his judicial role and failed to act in a neutral manner; (3) when the affidavit was so lacking in any indicia of probable cause as to render it unreasonable to believe that probable cause existed; and (4) when the warrant was so facially deficient that the executing officer could not reasonably presume it to be valid. The test for reasonable reliance is whether the affidavit was sufficient to "create disagreement among thoughtful and competent judges as to the existence of probable cause." Leon, 468 U.S. at 926, 104 S.Ct. 3405.
As the majority recognizes, nothing in the affidavit in this case connects Frank Ball with 3395 Lakewind Drive, the house that was searched. His residence was listed as 2505 Granada Avenue. No illegal activity was alleged to have occurred at the Lakewind Drive location. The only connection the affidavit provided was that the electric utility bill for the Lakewind Drive property was in the name of Nicosia Ball, the person with whom the affidavit alleged that Frank Ball resided at the Granada Avenue address.[1]
The United States Court of Appeals for the Ninth Circuit considered a case presenting *475 virtually identical circumstances to those involved in the case before us. United States v. Hove, 848 F.2d 137 (9th Cir.1988). In Hove, the Court stated:
"We agree with Hove that the affidavit submitted by Sgt. Moya in support of this search warrant was so deficient that any official belief in the existence of probable cause must be considered unreasonable. The test for reasonable reliance is whether the affidavit was sufficient to `create disagreement among thoughtful and competent judges as to the existence of probable cause.' [United States v.] Leon, 468 U.S. [897] at 926, 104 S.Ct. [3405] at 3422. See also United States v. Tate, 795 F.2d 1487, 1490 (9th Cir.1986). Here, reasonable judges could not disagree over whether probable cause existed to search the DeAnza location because the affidavit offers no hint as to why the police wanted to search this residence. The affidavit does not link this location to the defendant and it does not offer an explanation of why the police believed they may find incriminating evidence there; the affidavit simply lists the DeAnza address as a location to be searched. It is critical to a showing of probable cause that the affidavit state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched. [United States v. Hendricks, 743 F.2d 653, 654 (9th Cir.1984).] No such facts were stated in this affidavit. Thus, any official belief in the existence of probable cause must be considered unreasonable."
848 F.2d at 139-40 (emphasis added).
As in Hove, the good-faith exception cannot apply in these circumstances. The affidavit on which the warrant was based was so lacking in probable cause as to render reliance on it entirely unreasonable, and the executing officer could not presume it to be valid. Moreover, we find the following quote from the United States Court of Appeals for the Third Circuit applicable:
"And particularly where the affiant is also one of the executing officers, it is somewhat disingenuous, after having gone to the magistrate with the paltry showing seen here, to suggest, as the government suggests, that at bottom it was the magistrate who made the error and the search and seizure are insulated because the officer's reliance on that error was objectively reasonable."
United States v. Zimmerman, 277 F.3d 426, 438 (3d Cir.2002).
Officer John Nixon was the affiant in this case, and he was also one of the officers who executed the warrant. As the Third Circuit Court of Appeals noted, the paltry evidence offered in this affidavit did not insulate Officer Nixon and his colleagues from a determination that the search was conducted in violation of the constitution.
The good-faith exception did not apply in this case to save the prosecution from the unconstitutional search of the Lakewind Drive location. "Good faith is not a magic lamp for police officers to rub whenever they find themselves in trouble." United States v. Reilly, 76 F.3d 1271, 1280 (2d Cir.1996).
The search was unconstitutional, and the motion to suppress should have been granted in this case. Therefore, I dissent.
NOTES
[1] The majority states that Nicosia is Frank's wife, but the affidavit does not allege this. It merely states that they resided together at the Granada Avenue residence.