266 So.2d 906

Percy E. **JOHNSON**

v.

**STATE.**

**3 Div. 36.**

Court of Criminal Appeals of Alabama.

Sept. 12, 1972.

Gray, Seay & Langford, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

ALMON, Judge.

Percy E. Johnson was convicted of unlawfully possessing marijuana.

The marijuana was found in appellant's barn which was approximately one hundred and fifty yards from his house. The search was conducted pursuant to a search warrant issued by a Justice of the Peace. The affidavit in support of the search warrant reads:

"STATE OF ALABAMA

Lowndes County
    **vs**           AFFIDAVIT FOR
Percy Edward Johnson
Lowndes County   SEARCH WARRANT

"Before <u>F. C. Taylor, J. P.</u>

The undersigned being duly sworn deposes and says:

"that he has probable cause to believe and does believe that on the premises known as Percy Johnson's farm consisting of approximately 35 acres located in Lowndes County on the public road known as the Rambo Road approximately two miles northeast of the home of

L. G. Rambo on U. S. Highway 80 near the Lowndes–Dallas County line, including the curtilage, the residence and any and all outbuildings and land owned or leased in the immediate vicinity there is now being concealed or kept certain property; namely, Cannabis Sativa, Cannabis Indica, Cannabis Americana, mirijuana [sic] or some compound or mixture containing mirijuana and paraphernalia used in growing and preparation of mirijuana which is being processed violation of the State Code of Alabama, Title 22, Section 256.

"Such above conclusion is the result of the following: An informer hereinafter called A, whose information has been reliable in the past, stated to affiant Ward on or about March 25, 1968, by telephone that within the past two days a large amount of mirijuana in brick form was being kept in a well or pit in the ground on the farm of Percy Johnson above described in that said Johnson had mirijuana in said well. Said informer further stated to affiant Ward that a sizeable amount of marijuana was located at the above said farm of Percy Johnson and said affiant Ward and others had overlooked this mirijuana in a search of the said Johnson farm on March 21, 1968. Further, another reliable informant, hereinafter called B, whose information has proved reliable in the past, stated to affiant Terry on or about March 25, 1968 while said B was in jail in Montgomery County, that he, B, knew that said Percy Johnson had marijuana in brick form on the above described farm.

"Informer A has been reliable in the past because informant called by telephone on or about September 1, 1967 and gave information that illegal drug traffic was taking place at the 331 Restaurant which is located 29 miles south of Montgomery in Montgomery County. This restaurant is operated by one Horace E. Davis, alias Possum. A search warrant was obtained and was executed on September 15, 1967 and the above named subject Horace Davis was arrested and charged with violation of the Alabama Drug Abuse Law and several hundred assorted pills and tablets were seized.

"Informer B's information has been reliable in the past because on March 21, 1968 this informer furnished affiant Terry with information regarding drug activity at the home of Marvin Reynolds at 1203 Deeming Street. Marvin Reynolds was arrested March 21, 1968 and charged with possession of mirijuana. On March 21, 1968 informant gave affiant Terry information regarding Charles Hollis of Atlanta, Georgia being in possession of 8 pounds of marijuana. Hollis was arrested several hours later by officers and charged with having 8 pounds of mirijuana in his possession.

"Affiants, based on the above information, state that said Percy Johnson has in his possession at the above described place, marijuana, contrary to law.

> "J. C. Ward
> State Narcotic Agent
> D. R. Terry
> State Narcotic Agent

"Sworn to before me, and subscribed in my presence, March 28, 1968.

> "F. C. Taylor, J. P."

Probable cause may be established on hearsay information of unidentified informants. However, the issuing magistrate must be informed of some of the underlying circumstances from which the informants concluded that the marijuana was where they claimed it was, and some of the underlying circumstances from which the affiant concluded that the informants were credible or their information reliable. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637.

Here, the second requirement of *Aguilar*, supra, was fully met. However, there are no facts contained in the affi-

davit to satisfy the first requirement because no facts were alleged tending to establish the claim of the informants that the marijuana was where they said it was. The affidavit merely states that the informants told the affiants that the appellant had marijuana in his possession. Tyler v. State, 45 Ala.App. 155, 227 So.2d 442.

Since there were no other sworn facts before the magistrate other than those contained in the affidavit the search warrant was improperly issued and evidence of the marijuana seized should have been suppressed.

In view of our holding other matters raised in brief by appellant's counsel need not be considered.

The judgment appealed from is due to be reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.