HARRIS, Judge.
Appellant, James Galen Anderson, was indicted by the September, 1981 Jefferson County Grand Jury for Trafficking in Cannabis in violation of § 20-2-80, Code of Alabama 1975, and unlawfully possessing a controlled substance in violation of § 20-2-70 Code of Alabama 1975. At the conclusion of a trial by jury, appellant was found guilty on both counts. On November 5, 1982, appellant was adjudged guilty by the trial court and was sentenced to imprisonment in the state penitentiary for three years and fined $25,000.00.
Sergeant Mancil N. Sharp, of the Forest-dale Police Department, obtained information from a confidential and reliable person that appellant was holding and selling drugs at a house located at 3009 York Drive, Fultondale, Alabama. Based on this information, Sergeant Sharp prepared a search warrant and affidavit and presented them to Judge Stewart, District Judge for Jefferson County, to be signed. Judge Stewart executed both the search warrant and the affidavit made by Sergeant Sharp. Sergeant Sharp did not sign the affidavit.
Subsequently, Sergeant Sharp was accompanied to 3009 York Drive by Deputy J.C. Bolus, of the Jefferson County Sheriff’s Department, Officer Kevin Howell, of the Fultondale Police Department, and Sergeant Cole of the Fultondale Police Department. Deputy Bolus served the search warrant on appellant and a search of the premises was conducted by the Fultondale police officers. Several separate amounts of a green vegetable substance and a container of pills were found and confiscated by the law enforcement officials. These substances were later identified by a drug chemist at the State Department of Forensic Sciences as 1272.6 grams of marijuana, which according to testimony is in excess of 2.7 or 2.8 pounds, and thirty tablets containing methaqualone and three tablets containing diazepan, each of which is a controlled substance.
At trial, appellant testified that he was holding the marijuana found in his home for a friend, and that he had secured the tablets from a friend for a sleeping problem. Appellant admitted knowing that the possession of these substances was illegal, but said that he had agreed to hold them in order to make money to support his family.
The only issue raised on appeal is whether an otherwise valid search warrant was rendered invalid when the issuing magistrate failed to require the signature of the affiant in compliance with § 15-5-4, Alabama Code 1975. § 15-5-4 reads as follows:
“Before issuing a search warrant, a judge, or magistrate authorized by law to issue search warrants, must examine on oath the complainant and any witness he may produce, take their depositions in writing and cause them to be subscribed by the persons making them. Such depositions must set forth facts tending to establish the grounds of the application or probable cause for believing that they exist.” (Emphasis added.)
In Accident Indemnity Insurance Company v. Feely, 181 So.2d 889 (Ala.1966), the court defined depositions as follows:
“The word ‘deposition’ in legal terminology is the testimony of a witness, taken in writing, under oath or affirmation, before some judicial officer, in answer to questions or interrogatories, and being a generic term, embracing all evidence verified by oath, it thus includes affidavits.” (citations omitted)
In Brandies v. State, 44 Ala.App. 648, 219 So.2d 404, cert. denied, 283 Ala. 712, 219 So.2d 409 (Ala.1969), the court held that the word “deposition” was intended by the legislature to be synonymous with “affidavit, i.e., a sworn statement in writing, under oath.” In concluding a discussion of the subject, the court in Brandies, supra, quoted the following statements from State v. McMann, 3 Ariz.App. 111, 412 P.2d 286 (1966):
“It can hardly be imagined that our legislature intended that a court reporter be summoned to record and transcribe in deposition form the witnesses’ testimony. The manifest intent is that the testimony *976 be taken under oath and reduced to writing, and that the written statement be signed by the party making it.”
It is clear, both from § 15-5-4 Alabama Code 1975, and from the opinion in Brandies, supra, that for a search warrant to be valid it must be accompanied by a written affidavit of supporting evidence which is signed or subscribed by the complainant, or the party making the statement. It is also clear from the record in this case that the supporting affidavit, accompanying the search warrant issued to Sergeant Mancil Sharp on February 20, 1981, was not signed by the affiant, Sergeant Sharp. The search warrant based on this affidavit is, therefore, invalid and the rule of exclusion from the Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), decision should be applied to all evidence seized under the warrant.
The judgment below is reversed and the cause is remanded for new trial.
REVERSED AND REMANDED.
TYSON and SAM W. TAYLOR, JJ., concur.
■ BOWEN, P.J., dissents with opinion.
HUBERT TAYLOR, J., dissents, also.