The appellant was indicted for the unlawful possession of a controlled substance. She entered a plea of not guilty and moved to suppress evidence seized in a search conducted when she was arrested. Following a hearing, the trial court denied the motion. After preserving her right to appeal the ruling on the motion, the appellant stipulated that the State would prove a prima facie case of illegal possession of diazepam. The court sentenced the appellant to 2 years' imprisonment, the sentence to be split with 30 days to serve and the remainder on probation. The court also ordered her to pay $25.00 to the Crime Victims' Fund and to pay court costs.
The appellant's residence was searched and the diazepam was seized pursuant to a search warrant. The affidavit on which the warrant was based stated: "That within the last seventy-two hours, a reliable, confidential informant advised this affiant that said informant had been at the above-described residence and observed a quantity of powder cocaine." At the suppression hearing, the trial court asked the affiant, "did you tell [the issuing magistrate] anything other than what is set out in your affidavit?" The appellant responded, "I believe [he] asked me a few questions, but I don't recall." He later stated, "He might have asked me some questions about the informant but, like I say, I can't recall an exact question." He further testified, "I think that was the question he asked me — about the past reliability of the informant. I think I explained the cases to him. That's all I can remember." The affiant then told the trial judge that the phrase "within the last seventy-two hours" in the affidavit meant "from the time the informant was in the residence." He stated, "I never go past three days. If the informant was in there beyond that, I don't take a warrant, Your Honor."
The appellant contends that the affidavit on which the search warrant was based is deficient because it does not state when the cocaine was seen at the appellant's residence by the informant. She contends that a search under a warrant issued on an affidavit alleging an undated observation is unreasonable.
The State argues that the statement of the affiant is a typographical error to which the "good faith" exception ofUnited States v. Leon, 468 U.S. 897, 104 S.Ct. 3405,82 L.Ed.2d 677 (1984), should apply. The State contends that the assumption that the issuing judge was made aware of all information establishing probable cause should suffice to invoke the good faith exception. The State also argues that the oral testimony of the affiant is sufficient to cure the defective indictment. The arguments of the State are without merit. The error in the affidavit was not merely clerical because it was an omission that resulted in the issuance of a warrant not reasonably supported by the record. There was no evidence to support a presumption that the trial judge inquired about or was informed of any information about the time of the affiant's alleged observation of cocaine. There also is no evidence that the affiant's oral testimony in the suppression hearing had been presented to the issuing magistrate.
This Court in Nelms v. State, 568 So.2d 384
(Ala.Cr.App. 1990), found that an affidavit supporting the warrant issued for the search of Nelms' residence was deficient for failing to state when the drugs were seen by the informant at the appellant's residence. The Nelms affidavit stated ". . . that within the last seventy-two hours a confidential police informant . . . stated to the affiant that they had seen crack cocaine in the residence of Tommie Lee Nelms. . . ." The almost identically-worded affidavit in the present case is likewise deficient, because it fails to refer to the date when the informant allegedly observed cocaine at the appellant's residence. Moreover, the officer in Nelms testified that in drafting the warrant, he intended the seventy-two hours to refer to the time period in which he had spoken to the informant, id. at 386, but also to include the time since the informant had observed the drugs. Id. at 387. However, the officer in Nelms testified that he did not recall exactly what he had told the issuing magistrate about how long it had been since the informant *Page 760 
had observed the drugs. Id. at 386-87. Thus, this court held that because "we cannot assume that this information was conveyed to the . . . judge, . . . the affidavit did not support a finding of probable cause and there was not sufficient oral testimony to cure the problem with the affidavit." Id. at 387. Similarly, in the instant case, although the officer testified that the 72 hours was intended to include the time that the informant observed the drugs, there is no indication that this information was conveyed to the issuing magistrate.
Therefore, the trial court's denial of the motion to suppress is reversed, and this cause is remanded to the trial court with instructions to vacate the appellant's conviction and sentence.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.