Charlie Mae Parker pleaded guilty to unlawful possession of marijuana in the first degree. The trial court sentenced her to three years in prison. Before pleading guilty, Parker preserved her right to appeal the denial of her motion to suppress marijuana seized at her residence pursuant to a search warrant. The ground of her motion to suppress was that the search warrant was based on a deficient affidavit.
Upon Parker's appeal, the Court of Criminal Appeals affirmed her conviction in an unpublished memorandum. Parker v. State, (No. CR-00-1762, October 19, 2001) 851 So.2d 636 (Ala.Crim.App. 2001) (table). The Court of Criminal Appeals also overruled Parker's application for rehearing. Parker then petitioned this Court for a writ of certiorari, which we granted to determine whether the content of the affidavit submitted as support for the issuance of the warrant to search Parker's residence was sufficient to constitute probable cause for the issuance of the warrant. We reverse and remand.
At the time of the search, Parker resided with one Tabitha Hutchinson at 8895 Lee Road 72, Waverly, Lee County, Alabama. On May 10, 1999, Investigator Van Jackson of the Lee County Sheriff's Department obtained a warrant to search Parker's and Hutchinson's residence. This search warrant was not executed. On May 18, 1999, Investigator Jackson obtained a second warrant to search this residence. To obtain this second search warrant, Investigator Jackson submitted his affidavit stating:
 "Within the past 72 hours, undercover Officer Jimmy Martin purchased approximately $100.00 in crack cocaine from Tabitha Hutchinson at her residence.
 "The Lee County Sheriff's Department has received information over the past few years that Tabitha Hutchinson has been selling crack cocaine out of her residence which is located at 8895 Lee Road 72, Waverly, Lee County, Alabama. The Lee County Sheriff's Department began conducted [sic] an undercover drug operation targeting Hutchinson's residence. This investigation has been going on since November of 1998; anonymous tips, confidential informants, and undercover officers have all provided information supporting that drugs are being sold out of this residence. Undercover Officer Martin has purchased crack cocaine from several different subjects and Hutchinson while at/or near this residence. Officer Martin was able to purchase crack cocaine approximately seven different times from Hutchinson and/or someone near her residence. The quantity of crack cocaine purchased has ranged from *Page 943 
Twenty Dollars to One Hundred Dollars worth. These purchase has [sic] been monitored and some recorded by law enforcement surveillance teams. The crack purchased in these cases has been submitted to the Department of Forensics [sic] Sciences for drug analysis. The result revealed that all of the compressed substances submitted had the presence of Cocaine, a Schedule II controlled substance. The Lee County Sheriff's Department has received information that Hutchinson always keeps a quantity of crack cocaine inside her residence."
In Parker's motion to suppress the marijuana seized during the execution of this second search warrant, she contended that Investigator Jackson's affidavit was false in its statement that, "[w]ithin the past 72 hours, undercover Officer Jimmy Martin purchased approximately $100.00 in crack cocaine from Tabitha Hutchinson at her residence." Parker contended further that Investigator Jackson did not testify to any other information that would supply probable cause to issue the search warrant.
At the suppression hearing, Investigator Jackson admitted that the last controlled buy made by police at Parker's residence was on May 7, 1999 and was not "within the past 72 hours" of his application for the May 18, 1999 search warrant. He said that the "within the past 72 hours" language was an "administrative error." Investigator Jackson testified that he had obtained a few other warrants against Hutchinson on the bases of controlled buys made at or near her residence before May 7, but that he had not told the judge who issued the May 18, 1999 search warrant about the specific dates and circumstances of these controlled buys. Investigator Jackson admitted that his affidavit contained the only information that he had supplied to the judge to support issuance of the search warrant. The trial court summarily denied Parker's motion to suppress the marijuana.
Parker argues that, because Investigator Jackson knowingly gave false information to the judge issuing the search warrant and gave insufficient other information to the judge to establish probable cause for the issuance of the search warrant, it was invalid. Therefore, Parker contends that the evidence seized pursuant to that warrant should have been suppressed and that the conviction based on that evidence should be reversed.
The United States Supreme Court has said:
 "[an] officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable, and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued.
 "Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth."
United States v. Leon, 468 U.S. 897, 922-23 (1984) (citations and footnotes omitted; emphasis added).
In Lewis v. State, 589 So.2d 758 (Ala.Crim.App. 1991), the Court of Criminal Appeals addressed an issue not materially distinguishable from the one raised by Parker, and reversed that defendant's conviction based on evidence that should have been suppressed pursuant to the defendant's motion to suppress. The Lewis court stated: *Page 944 
 "The appellant's residence was searched and the diazepam was seized pursuant to a search warrant. The affidavit on which the warrant was based stated: `That within the last seventy-two hours, a reliable, confidential informant advised this affiant that said informant had been at the above-described residence and observed a quantity of powder cocaine.' . . .
 "The appellant contends that the affidavit on which the search warrant was based is deficient because it does not state when the cocaine was seen at the appellant's residence by the informant. She contends that a search under a warrant issued on an affidavit alleging an undated observation is unreasonable.
 "The State argues that the statement of the affiant is a typographical error to which the `good faith' exception of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), should apply. The State contends that the assumption that the issuing judge was made aware of all information establishing probable cause should suffice to invoke the good faith exception. The State also argues that the oral testimony of the affiant is sufficient to cure the defective [affidavit]. The arguments of the State are without merit. The error in the affidavit was not merely clerical because it was an omission that resulted in the issuance of a warrant not reasonably supported by the record. There was no evidence to support a presumption that the trial judge inquired about or was informed of any information about the time of the affiant's alleged observation of cocaine. There also is no evidence that the affiant's oral testimony in the suppression hearing had been presented to the issuing magistrate.
 "This Court in Nelms v. State, 568 So.2d 384
(Ala.Crim.App. 1990), found that an affidavit supporting the warrant issued for the search of Nelms' residence was deficient for failing to state when the drugs were seen by the informant at the appellant's residence. The Nelms affidavit stated '. . . that within the last seventy-two hours a confidential police informant . . . stated to the affiant that they had seen crack cocaine in the residence of Tommie Lee Nelms. . . .' The almost identically-worded affidavit in the present case is likewise deficient, because it fails to refer to the date when the informant allegedly observed cocaine at the appellant's residence. Moreover, the officer in Nelms testified that in drafting the warrant, he intended the seventy-two hours to refer to the time period in which he had spoken to the informant, id. at 386, but also to include the time since the informant had observed the drugs. Id. at 387. However, the officer in Nelms testified that he did not recall exactly what he had told the issuing magistrate about how long it had been since the informant had observed the drugs. Id. at 386-87. Thus, this court held that because 'we cannot assume that this information was conveyed to the . . . judge, . . . the affidavit did not support a finding of probable cause and there was not sufficient oral testimony to cure the problem with the affidavit.' Id. at 387. Similarly, in the instant case, although the officer testified that the 72 hours was intended to include the time that the informant observed the drugs, there is no indication that this information was conveyed to the issuing magistrate."
Lewis, 589 So.2d at 759-60 (emphasis added).
Likewise, in Thomas v. State, 353 So.2d 54 (Ala.Crim.App. 1977), the Court of Criminal Appeals reversed a conviction based on evidence validly challenged by a motion *Page 945 
to suppress grounded on the staleness of the information in the affidavit submitted to support the issuance of the warrant for the search that resulted in the seizure of the evidence. The Thomas court stated:
 "The affidavit is deficient because it fails to show that the information received from the informant was fresh as opposed to being remote. Davis v. State, 46 Ala. App. 45, 237 So.2d 635, affirmed, 286 Ala. 117, 237 So.2d 640 [(1970)]. The affidavit stated that the informant `had observed' heroin being used and sold from the premises described. The affidavit does not state the date or the time the informant allegedly observed the heroin on the premises. The affidavit in this case is strikingly similar to one this Court, through Harris, J., ruled to be legally insufficient. Walker v. State, 49 Ala. App. 741, 275 So.2d 724, cert. denied, 290 Ala. 371, 275 So.2d 732 [(1973)].
"In Walker, supra, Judge Harris stated:
 "`. . . "Had observed" could have been any time in the past. The informer did not tell the officer-affiant the date or time he allegedly observed the narcotics on the premises. There is nothing in the affidavit which hints of time except the use of the past tense in connection with the informant's telephone report to affiant.'
 "The fact that heroin was previously seized on February 23, 1973, at 2624 Tempest Drive, Apartment H, did not establish probable cause to believe that heroin was on the premises three weeks later.
 "Also, the fact that on March 6, 1973, an undercover police officer purchased a quantity of heroin from Eric Rogers on the premises did not establish probable cause to believe that a week later such narcotic would be still found thereon. Seven days is a considerable length of time in which to remove heroin from the premises or dispose of it in another fashion. Such makes for a stale warrant. Haynes v. State, 50 Ala. App. 96, 277 So.2d 372 [(1973)]; Miller v. State, 54 Ala. App. 230, 307 So.2d 40
[(1974)]."
Thomas, 353 So.2d at 56 (emphasis added).
The only statement in Investigator Jackson's affidavit that could support a finding of probable cause is the statement that the particularly described controlled buy was made "within the last 72 hours." This statement is false without dispute. This falsehood in the affidavit precipitated the issuance of a warrant not supported by probable cause to believe that cocaine was still located in the house on May 18, when the second affidavit was sworn and presented and the second search warrant was issued. The only controlled buy specifically described by the affidavit to have been made inside the house occurred 11 days earlier, on May 7. Therefore, the warrant should not have been issued. See Lewis,supra; Nelms v. State, 568 So.2d 384 (Ala.Crim.App. 1990); and Thomas,supra. See also Alford v. State, 381 So.2d 203, 205 (Ala.Crim.App. 1979), holding, "[s]ufficient evidence must be stated in the affidavit to support a finding of probable cause for issuing the search warrant," and "[t]he affidavit must state specific facts or circumstances which support a finding of probable cause[;] otherwise the affidavit is faulty and the warrant may not issue."
Furthermore, the affidavit does not establish a pattern of cocaine sales from the house occupied by Hutchinson and Parker that would support the conclusion that the cocaine that was there on May 7, 1999, was still there on May 18, 1999, when Investigator Jackson applied for the second search warrant and submitted the second affidavit. The statements about Officer Martin's other buys are only sophistry *Page 946 
to create an illusion of ongoing cocaine sales from the house. That is, the affiant swore:
 "Undercover Officer [Jimmy] Martin has purchased crack cocaine from several different subjects and Hutchinson while at/or near this residence. Officer Martin was able to purchase crack cocaine approximately seven different times from Hutchinson and/or someone near
her residence." (Emphasis added.)
Testimony of two alternatives joined by the disjunctive conjunction "or" does not constitute evidence of either alternative. For example, if a lawyer were to ask a witness whether the traffic light was red, and the witness were to answer, "Well, it was red or green," the lawyer would not yet have any proof that it was red.
Thus, Investigator Jackson's affidavit testimony that Officer Martin had purchased crack from "Hutchinson while at/or near this residence" is not evidence that Officer Martin had purchased crack at this residence. The equal alternative, that Officer Martin purchased the crack near this residence, can mean that he purchased the crack six doors down the street.
Likewise, Jackson's statement that Officer Martin purchased "crack cocaine approximately seven different times from Hutchinson and/orsomeone near her residence" is not evidence that he purchased crack from Hutchinson at all. The expression and/or means, in the alternative, and
or or. In other words, and/or is "used as a function word to indicate that two words or expressions are to be taken together or individually."Merriam-Webster's Collegiate Dictionary 43 (10th ed. 1999) (emphasis added). In the case now before us, the expression "Hutchinson and/orsomeone" means, alternatively, Hutchinson and someone or Hutchinson orsomeone. Thus, Investigator Jackson has equally sworn that the seven purchases were from just "someone" "near" the residence — once again, for aught that appears, six doors down the street. Explained differently, if a prosecutor were to ask a witness, "Did you buy crack from Hutchinson?", and the witness answered, "Well, I bought it from Hutchinson and/or someone," the prosecutor would not yet have any evidence that Hutchinson had sold crack. Cf., Southern Ry. Co. v. Bunt,131 Ala. 591, 596, 32 So. 507, 509 (1902) (holding that "the averment as it stands in the disjunctive, embraces two different causes of action, and affirms neither, but merely that it is one or the other").
Similarly, the statements of unattributed hearsay in the affidavit do not contribute to a showing of probable cause. Specifically, the affidavit recites:
 "The Lee County Sheriff's Department has received information over the past few years that Tabitha Hutchinson has been selling crack cocaine out of her residence. . . . [A]nonymous tips, confidential informants, and undercover officers have all provided information supporting that drugs are being sold out of this residence. . . . The Lee County Sheriff's Department has received information that Hutchinson always keeps a quantity of crack cocaine inside her residence."
The hearsay in these recitations is not only without any dates to establish recency but is without attribution or detail to establish reliability.
 "`[A] magistrate must be presented with facts as to the source of the information in the affidavit and the underlying circumstances from which it could be concluded that the source was reliable.' United States v. Kirk, 781 F.2d 1498, 1505 (11th Cir. 1986)."
Sims v. State, 587 So.2d 1271, 1275 (Ala.Crim.App. 1991). "Hearsay information *Page 947 
may be sufficient when its accuracy is corroborated by other facts stated by the affiant as true to his own knowledge." Lewis v. State,426 So.2d 932, 936 (Ala.Crim.App. 1982).
 "Although an affidavit may be based on hearsay information and need not reflect the direct personal observation of the affiant, the issuing authority of the search warrant must be informed of some of the underlying circumstances from which the informant concluded that the drugs were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was credible or his information reliable."
Reed v. State, 401 So.2d 131, 134 (Ala.Crim.App. 1981).
 "Probable cause may be established on hearsay information of unidentified informants. However, the issuing magistrate must be informed of some of the underlying circumstances from which the informants concluded that the marijuana was where they claimed it was, and some of the underlying circumstances from which the affiant concluded that the informants were credible or their information reliable."
Johnson v. State, 48 Ala. App. 650, 651, 266 So.2d 906, 907
(Ala.Crim.App. 1972). The declarants of this hearsay are only generically identified, and their reliability is not established. The affidavit does not disclose whether the hearsay is firsthand, secondhand, thirdhand, or even more remote and does not foreclose that the hearsay is mere rumor or conjecture.
Because Investigator Jackson's affidavit was deficient for the reasons stated in this opinion, the warrant to search Parker's residence was not based on probable cause. Therefore, the evidence seized during the consequent unlawful search was inadmissible. Leon, Lewis, Nelms, andThomas, supra.
We reverse the judgment of the Court of Criminal Appeals affirming the defendant's conviction based on marijuana admitted into evidence over the defendant's valid motion to suppress. We remand this cause for that court to remand to the trial court with instructions to vacate the defendant's conviction and sentence and to conduct proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOUSTON, SEE, LYONS, HARWOOD, and WOODALL, JJ., concur.
MOORE, C.J., and BROWN and STUART, JJ., dissent.