15 So.3d 500 (2009)
Jeff GREEN
v.
STATE of Alabama.
CR-05-1597.
Court of Criminal Appeals of Alabama.
December 19, 2008.
George L. Beck, Jr., and Chad W. Bryan, Montgomery, for appellant.
Troy King, atty. gen., and Robin Denise Scales, asst. atty. gen., for appellee.
PER CURIAM.
On authority of Ex parte Green, [Ms. 1070388, July 18, 2008] 15 So.3d 489 (Ala. 2008), the judgment of the circuit court is reversed and this cause remanded for proceedings consistent with the Supreme Court's opinion.
REVERSED AND REMANDED.
BASCHAB, P.J., and WISE, J., concur. SHAW, J., concurs specially, with opinion, which McMILLAN and WELCH, JJ., join.
SHAW, Judge, concurring specially.
I agree to reverse the circuit court's judgment and to remand this cause for further proceedings on the authority of Ex parte Green, [Ms. 1070388, July 18, 2008] 15 So.3d 489 (Ala.2008), because this Court is "bound by the decisions of the Alabama Supreme Court and ... cannot overrule the decisions of that Court." L.J.K. v. State, 942 So.2d 854, 873 (Ala.Crim.App. 2005) (opinion on application for rehearing), *501 citing § 12-3-16, Ala.Code 1975. However, I question whether the Supreme Court's opinion in this case has the effect, albeit unintended, of shifting the burden of proof in a Rule 32, Ala.R.Crim.P., proceeding from the petitioner to the State in cases dealing with trial counsel's effectiveness with regard to the validity of a search warrant.
As the Supreme Court noted in its opinion, a facially defective affidavit submitted in support of a search warrant may be cured by additional information supplied to the issuing magistrate beyond that contained in the affidavit. Relying on cases in which this Court held that the State had failed to meet its burden of proof in a suppression hearing because the affiants had stated that they did not recall whether they had presented additional information to the issuing magistrates beyond that contained in the affidavit, see Lewis v. State, 589 So.2d 758 (Ala.Crim.App.1991), and Nelms v. State, 568 So.2d 384 (Ala.Crim. App.1990), the Supreme Court concluded that "no such circumstance is presented in this case" because the affiant in this case stated at the Rule 32 hearing that he "[did]n't recall" whether he had presented any additional information to the issuing magistrate beyond that contained in the affidavit and "such oral testimony is insufficient to cure the deficiency of a supporting affidavit."
However, the burden of proof in a Rule 32 proceeding is on the petitioner, not the State. See Rule 32.3, Ala.R.Crim.P. ("The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief."). The State is not required in a Rule 32 proceeding to present evidence indicating that a search was valid in order to rebut a claim of ineffective assistance of counsel; rather, the burden is solely on the petitioner to present evidence indicating that a search was not valid in order to establish that counsel's performance was deficient. Thus, in this case the State was not required to present evidence at the Rule 32 hearing indicating that the deficiency in the affidavit was cured; rather, the burden was on the petitioner to present evidence indicating that the deficiency in the affidavit was not cured. Just as a statement by an affiant that "I don't recall" is insufficient, when the burden is on the State in a suppression hearing, to establish that additional information beyond that contained in the affidavit was presented to the issuing magistrate in securing a search warrant, I continue to believe, as this Court held in its unpublished memorandum affirming this case, that the statement "I don't recall" is equally insufficient, when the burden is on the petitioner in a Rule 32 proceeding, to establish that additional information beyond that contained in the affidavit was not presented to the issuing magistrate in securing a search warrant.
McMILLAN and WELCH, JJ., concur.