WELCH, Judge,
dissenting.
James W. Bailey was convicted of trafficking methamphetamine, a violation of § 13A-12-231(6), Ala.Code 19751; unlawful manufacturing a controlled substance in the first degree, a violation of § 13A-12-218, Ala.Code 1975; and possession of precursor chemicals, a violation of § 20-2-190, Ala.Code 1975. Bailey appealed, claiming that the circuit court had abused its discretion when it denied his motion to suppress evidence the police seized pursuant to what he alleged was an invalid search warrant. Specifically, Bailey contended that the search warrant to search his house was issued based on the unsworn assertions of Officer Scott Langley.
The testimony from the hearing on the motion to suppress reflects that Officer Langley telephoned Judge C. Lawson Little at his home requesting a warrant to search Bailey’s house. Officer Langley informed Judge Little of the facts establishing probable cause for the search, and Judge Little authorized the issuance of a search warrant. There is no dispute that the warrant was authorized based on the unsworn assertions of Officer Langley.
“There is no common law authorizing search warrants. Statutes authorizing searches are strictly construed against the prosecution in favor of the liberty of the citizen.” Kelley v. State, 55 Ala.App. 402, 403, 316 So.2d 233, 234 (Ala.Crim.App.1975), citing Commonwealth v. Monosson, 351 Mass. 327, 221 N.E.2d 220 (1966); 79 C.J.S. Searches and Seizures § 7.
The Alabama Constitution provides:
“That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches, and that no warrants shall issue to search any place or to seize any person or thing without probable came, supported by oath or affirmation.”
Ala. Const. Art. I, § 5 (emphasis added). By statute, “[a] search warrant can only be issued on probable cause, supported by affidavit naming and describing the person and particularly describing the property and the place to be searched.” § 15-5-3, Ala.Code 1975 (emphasis added).
“Before issuing a search warrant, a judge, or magistrate authorized by law to issue search warrants, must examine on oath the complainant and any witness he may produce, take their depositions in writing and cause them to be subscribed by the persons making them. Such depositions must set forth facts tending to establish the grounds of the *158 application or probable cause for believing that they exist.”
§ 15-5-4, Ala.Code 1975 (emphasis added). “[F]or a search warrant to be valid it must be accompanied by a written affidavit of supporting evidence which is signed or subscribed by the complainant, or the party making the statement.” Anderson v. State, 445 So.2d 974, 976 (Ala.Crim.App.1988) (emphasis added).
In recognition of advances in technology, the Alabama Supreme Court adopted Rule 3.8(b)(1), Ala. R.Crim. P., which provides that, when necessary, a search warrant may be issued “based upon sworn testimony communicated by telephone” and thus, by necessity, the “written affidavit” may initially be replaced with the declarant’s sworn oral testimony. (Emphasis added.) [1]
An “affidavit” is defined as: “[a] voluntary declaration of facts, written down and sworn to by the declarant before an officer authorized to administer oaths.” Black’s Law Dictionary 58 (7th ed.1999)(emphasis added).
“Although it has sometimes been contended that noncompliance with the oath or affirmation requirement is a mere technical irregularity that does not require suppression of the evidence obtained pursuant to the mistakenly issued search warrant, this is not the case....
“‘An oath is a matter of substance, not form, and it is an essential component of the Fourth Amendment and legal proceedings. The purpose of an oath or affirmation is to impress upon the swearing individual an appropriate sense of obligation to tell the truth. An oath or affirmation to support a search warrant reminds both the investigator seeking the search warrant and the magistrate issuing it of the importance and solemnity of the process involved. An oath or affirmation protects the target of the search from impermissible state action by creating liability for perjury or false swearing for those who abuse the warrant process by giving false or fraudulent information. An oath preserves the integrity of the search warrant process and thus protects the constitutionally guaranteed fundamental right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.’ ”
Wayne R. LaFave, Search and Seizure, A Treatise on the Fourth Amendment, § 4.3(e) (4th ed.2004)(footnotes omitted)(quoting State v. Tye, 248 Wis.2d 530, 636 N.W.2d 473 (2001)) (“[W]e do not extend the good-faith exception to a warrant issued on the basis of a statement that totally lacks an oath or affirmation.”).
Thus, because Officer Langley’s assertions were not presented under oath, they cannot be considered a valid substitute for a written affidavit as contemplated in Rule 3.8. Without an affidavit, there could be no valid search warrant. See, Anderson, supra.
The majority relied on the good-faith exception to the exclusionary rule set forth in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), to affirm the trial court’s denial of the motion to suppress. The good-faith exception to the exclusionary rule, announced in Leon, provides that evidence obtained pursuant to a facially valid search warrant that is later found to be invalid need not be excluded so *159 long as the officers who executed the warrant acted in good faith and in objectively reasonable reliance on the warrant. The United States Supreme Court in Leon limited the application of the good-faith exception. The Court explained:
“Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. Franks v. Delaware, 438 U.S. 154 (1978). The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in Lo-Ji Sales, Inc. v. New York, 442 U.S. 319 (1979); in such circumstances, no reasonably well trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit ‘so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.’ Brown v. Illinois, 422 U.S. [590], at 610-611 [95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) ] (Powell, J., concurring in part); see Illinois v. Gates, supra, 462 U.S. [213], at 263-264 [103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) ] (White, J., concurring in the judgment). Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient — i.e., in failing to particularize the place to be searched or the things to be seized — that the executing officers cannot reasonably presume it to be valid. Cf. Massachusetts v. Sheppard, 468 U.S. [981, 988-991 (1984) ].”
Leon, 468 U.S. at 923.
I believe this case falls under the third enumerated situation above: “in such circumstances, no reasonably well trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit ‘so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.’ ” Id. That circumstance prevents application of the good-faith exception in this case. I believe a reasonable police officer would know that he or she could not obtain a valid search warrant without submitting, under oath, the grounds establishing probable cause for requesting the warrant. Such a warrant would “lack indicia of probable cause” by virtue of the fact that it was not based on sworn testimony. In Anderson, supra, this Court considered whether an otherwise valid search warrant was rendered invalid because the officer who prepared the affidavit failed to sign it, and it held:
“It is also clear from the record in this case that the supporting affidavit, accompanying the search warrant issued to Sergeant Mancil Sharp on February 20, 1981, was not signed by the affiant, Sergeant Sharp. The search warrant based on this affidavit is, therefore, invalid and the rule of exclusion from the Mapp v. Ohio, 367 U.S. 643 (1961), decision should be applied to all evidence seized under the warrant.”
Anderson, 445 So.2d at 976. That the present case involves an oral request for a search warrant makes no difference. Where the affidavit is invalid, the warrant is invalid. The main opinion suggests that the necessity of a affidavit executed under oath, as set forth in Anderson is no longer relevant in determining the validity of a search warrant, because, “Anderson was decided by this Court before the United States Supreme Court issued its decision in Leon.” I disagree. Anderson expresses a necessity for obtaining a valid search warrant; Leon provides, in limited application, exceptions upholding a search conducted pursuant to an invalid search war *160 rant. Anderson has not been overruled, and it remains precedent that we are bound to follow. It is the application of Anderson to the facts of this case that makes the main opinion’s analysis of this case under Leon necessary. However, the situation in this case involves an irregularity that could not have allowed an officer to execute the warrant in good faith.
The good-faith exception does not reform every invalid search warrant. The Alabama Supreme Court has often refused to apply the good-faith exception to the exclusionary rule. In Ex parte Green, 15 So.3d 489 (Ala.2008), Green alleged in a postconviction proceeding that he had been denied the effective assistance of counsel because counsel failed to challenge the validity of the search warrant and the evidence seized during the search. Green argued that the warrant authorizing the search was not based on probable cause because the affidavit did not state that underlying information was current. The Alabama Supreme Court in Ex parte Green held that the affidavit was facially defective and that the deficiency had not been cured by testimony from the officer who had prepared the affidavit, because the officer could not recall giving any additional information to the district judge who issued the warrant. Finally, the Court in Ex parte Green rejected the State’s argument that the evidence was admissible under the good-faith exception to the exclusionary rule and stated, in pertinent part:
“The application of and rationale for the good-faith exception are particularly inappropriate where, as here, the officer is executing a search warrant that depends on his own affidavit. It is ‘ “disingenuous, after having gone to [a district judge] with the paltry showing seen here, to suggest, as the [State] suggests, that at bottom it was the [district judge] who made the error and the search and seizure are insulated because the officer’s reliance on that error was objectively reasonable.’” Ball v. State, 868 So.2d 474, 475 (Ala.Crim.App.2003) (Cobb, J., dissenting) (quoting United States v. Zimmerman, 277 F.3d 426, 438 (3d Cir.2002)).”
Ex parte Green, 15 So.3d at 496-97.
The Alabama Supreme Court in Ex parte Green also discussed three cases decided by this Court that involved motions to suppress evidence discovered during searches conducted based on deficient warrants: Lewis v. State, 589 So.2d 758 (Ala.Crim.App.1991); Nelms v. State, 568 So.2d 384 (Ala.Crim.App.1990), and Thomas v. State, 353 So.2d 54 (Ala.Crim.App.1977). In each of those cases, this Court held that the warrants authorizing the searches had not been based on probable cause because the affidavits failed to contain sufficient information to allow a determination that the facts alleged were current rather than remote. The Green Court stated:
“In short, the affidavit is facially defective within the framework of Thomas, Nelms, and Lewis, and, moreover, is ‘so lacking indicia of probable cause’ that it does not satisfy the good-faith exception discussed in Nelms and Lewis. The affiant’s testimony reveals nothing about when any of the relevant activities took place, thus ‘render[ing] official belief in [the existence of probable cause] entirely unreasonable.’ Nelms, 568 So.2d at 388.”
Ex parte Green, 15 So.3d at 497.
The Green Court concluded:
“Given the glaringly defective affidavit, reasonably effective counsel would have challenged the search warrant and the admission of evidence obtained as a result of its execution. In failing to do so, Green’s trial counsel did not provide reasonably effective assistance.”
*161 Ex parte Green, 15 So.3d at 497. See also Ex parte Parker, 858 So.2d 941 (Ala.2003) (reversing trial court’s denial of motion to suppress and declining to apply the good-faith exception when the affidavit supporting the search warrant was based on information the affiant knew was false); Ex parte Turner, 792 So.2d 1141 (Ala.2000) (rejecting application of the good-faith exception to the exclusionary rule because, at the time the warrant was issued, anticipatory searches were not authorized by statute or court rule); Ex parte Lemus, 802 So.2d 1073 (Ala.2001) (relying on Ex parte Turner and rejecting application of the good-faith exception to the exclusionary rule because, at the time the warrant was issued, anticipatory searches were not authorized by statute or court rule).
Based on all the foregoing, I do not believe that Officer Langley could, in good faith or with objective reasonableness, rely on a warrant issued where he presented unsworn assertions in support of the issuance of the warrant. The trial court’s judgment should be reversed. Therefore, I respectfully dissent.

. Rule 3.8(b), Ala. R.Crim. P., sets forth the procedures to be followed when a search warrant is obtained by telephone. A discussion of those procedures is not necessary here. However, I note that the trial court did not comply with the procedure set forth in Rule 3.8(b), Ala. R.Crim. P.