39 So.3d 1179 (2009)
Willie WALKER
v.
STATE of Alabama.
CR-07-1993.
Court of Criminal Appeals of Alabama.
June 26, 2009.
Rehearing Denied July 24, 2009.
Certiorari Quashed December 11, 2009 Alabama Supreme Court 1081520.
James E. Gentry, Tuscaloosa, for appellant.
Troy King, atty. gen., and Andy Scott Poole, asst. atty. gen., for appellee.
WISE, Presiding Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
*1180 WINDOM and MAIN, JJ., concur.
KELLUM, J., concurs in the result.
WELCH, J., dissents, with opinion.
WELCH, Judge, dissenting.
The majority, in it unpublished memorandum, affirms the trial court's judgment denying Walker's motion for a new trial. In that motion Walker had alleged that trial counsel had rendered ineffective assistance because he had failed to move to suppress evidence seized from Walker's residence on the ground that the affidavit presented in support of the application for a search warrant was not signed by the presenting officer. After conducting a hearing on the motion for a new trial, the trial court determined that the affidavit had not been signed, that the lack of a signature "meant that the issuance of the warrant did not comply with [Rule 3.9, Ala. R.Crim. P.,] and Ala.Code, § 15-5-4" (C. 104), and that trial counsel's failure to raise this issue before trial constituted deficient performance. The trial court determined, however, that Walker failed to prove the second prong needed to establish ineffective assistance of counselthat he suffered prejudice as a result of counsel's deficient performance. Specifically, the trial court held that even if this issue had been raised in a motion to suppress, the motion would not have been granted because the warrant was based on sworn testimony. The majority adopts the trial court's findings. I disagree. Trial counsel's failure to challenge the defective affidavit constituted deficient performance, and if counsel had raised this issue in a motion to suppress, that motion would have been due to be granted. Walker established both deficient performance and prejudice, and the trial court abused its discretion when it denied Walker's motion for a new trial.
In addition to the protections provided in the Fourth Amendment to the United States Constitution, protection against unreasonable searches and seizures in Alabama is guaranteed by the Alabama Constitution and by statute, the Alabama Rules of Criminal Procedure, and caselaw. The Alabama Constitution provides:
"That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches, and that no warrants shall issue to search any place or to seize any person or thing without probable cause, supported by oath or affirmation."
Ala. Const.1901, Art. I, § 5. In the written order denying Walker's motion for a new trial, the trial court noted that both statute and caselaw in Alabama provide that in order for a search warrant to be valid it must be accompanied by a written affidavit containing supporting evidence that is signed or subscribed to by the complainant or by the party making the statement. § 15-5-4, Ala.Code 1975; Anderson v. State, 445 So.2d 974, 976 (Ala.Crim.App. 1983). See also Rule 3.9, Ala. R.Crim. P.
In Anderson, this Court considered whether an otherwise valid search warrant was rendered invalid because the officer who prepared the affidavit failed to sign it, and it held:
"It is also clear from the record in this case that the supporting affidavit, accompanying the search warrant issued to Sergeant Mancil Sharp on February 20, 1981, was not signed by the affiant, Sergeant Sharp. The search warrant based on this affidavit is, therefore, invalid and the rule of exclusion from the Mapp v. Ohio, 367 U.S. 643 (1961), decision should be applied to all evidence seized under the warrant."
Anderson, 445 So.2d at 976. Anderson has not been overruled, and it remains precedent that we are bound to follow. *1181 The majority fails to distinguish Anderson, and I do not believe that Anderson can, in fact, be distinguished from the facts presented here. My research has revealed no case holding that an affidavit that is defective because it is unsigned can be "cured" by oral testimony.
Moreover, there is no testimony in this case that the officer who presented the unsigned affidavit to the magistrate actually provided sworn testimony about the contents of the affidavit. The officer and the magistrate testified at the hearing on the motion for a new trial only that their custom and practice was that when the officer applied for a search warrant, the magistrate placed the officer under oath. Neither the officer nor the magistrate had any recollection of the facts surrounding this particular case, however. The testimony did not overcome the defect created by the unsigned affidavit.
The majority holds that the trial court correctly concluded that even if counsel had moved to suppress the evidence on this ground, the motion would not have been granted because, it reasons, the officers who seized the evidence relied in good faith on the search warrant. The good-faith exception to the exclusionary rule, announced in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), provides that evidence obtained pursuant to a facially valid search warrant that is later determined to be invalid need not be excluded so long as the officers who executed the warrant acted in good faith and in objectively reasonable reliance on the warrant. The United States Supreme Court in Leon limited the application of the good-faith exception. The Court explained:
"Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. Franks v. Delaware, 438 U.S. 154 (1978). The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in Lo-Ji Sales, Inc. v. New York, 442 U.S. 319 (1979); in such circumstances, no reasonably well trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit `so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' Brown v. Illinois, 422 U.S. [590], at 610-611 (Powell, J., concurring in part); see Illinois v. Gates, supra, 462 U.S. [213], at 263-264 [(1983)] (White, J., concurring in the judgment). Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient i.e., in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. Cf. Massachusetts v. Sheppard, 468 U.S. [981, 988-991 (1984)]."
Leon, 468 U.S. at 923, 104 S.Ct. 3405.
The good-faith exception does not apply here. The affidavit was invalid on its face because the officer who submitted it failed to sign it. Therefore, as in the final example noted in the quotation from Leon, above, the officer's subsequent reliance on the warrant that was issued based on that defective affidavit was not objectively reasonable. There being no good-faith reliance on the invalid warrant, there is no support for the trial court's determination that the motion to suppress would not have been granted if this issue had been raised.
The Alabama Supreme Court has often refused to apply the good-faith exception *1182 to the exclusionary rule. In Ex parte Green, 15 So.3d 489 (Ala.2008), Green alleged in a postconviction proceeding that he had been denied the effective assistance of counsel because counsel failed to challenge the validity of the search warrant and the evidence seized during the search. Green argued that the warrant authorizing the search was not based on probable cause because the affidavit did not state that the underlying information was current. The Alabama Supreme Court in Ex parte Green held that the affidavit was facially defective and that the deficiency had not been cured by testimony from the officer who had prepared the affidavit, because the officer could not recall giving any additional information to the district judge who issued the warrant. Finally, the Court in Ex parte Green rejected the State's argument that the evidence was admissible under the good-faith exception to the exclusionary rule and stated, in pertinent part:
"The application of and rationale for the good-faith exception are particularly inappropriate where, as here, the officer is executing a search warrant that depends on his own affidavit. It is `"disingenuous, after having gone to [a district judge] with the paltry showing seen here, to suggest, as the [State] suggests, that at bottom it was the [district judge] who made the error and the search and seizure are insulated because the officer's reliance on that error was objectively reasonable."' Ball v. State, 868 So.2d 474, 475 (Ala.Crim.App.2003) (Cobb, J., dissenting) (quoting United States v. Zimmerman, 277 F.3d 426, 438 (3d Cir.2002))."
Ex parte Green, 15 So.3d at 496-497.
The Alabama Supreme Court in Ex parte Green also discussed three cases decided by this Court that involved motions to suppress evidence discovered during searches conducted based on deficient warrants: Lewis v. State, 589 So.2d 758 (Ala. Crim.App.1991); Nelms v. State, 568 So.2d 384 (Ala.Crim.App.1990), and Thomas v. State, 353 So.2d 54 (Ala.Crim.App.1977). In each of those cases, this Court held that the warrants authorizing the searches had not been based on probable cause because the affidavits failed to contain sufficient information to allow a determination that the facts alleged were current rather than remote. The Green Court stated:
"In short, the affidavit is facially defective within the framework of Thomas, Nelms, and Lewis, and, moreover, is `so lacking indicia of probable cause' that it does not satisfy the good-faith exception discussed in Nelms and Lewis. The affiant's testimony reveals nothing about when any of the relevant activities took place, thus `render[ing] official belief in [the existence of probable cause] entirely unreasonable.' Nelms, 568 So.2d at 388."
Ex parte Green, 15 So.3d at 497.
The Green Court then concluded:
"Given the glaringly defective affidavit, reasonably effective counsel would have challenged the search warrant and the admission of evidence obtained as a result of its execution. In failing to do so, Green's trial counsel did not provide reasonably effective assistance."
Ex parte Green, 15 So.3d at 497. See also Ex parte Parker, 858 So.2d 941 (Ala.2003)(reversing trial court's denial of a motion to suppress and declining to apply the good-faith exception when the affidavit supporting the search warrant was based on information the affiant knew to be false); Ex parte Turner, 792 So.2d 1141 (Ala.2000) (rejecting application of the good-faith exception to the exclusionary rule because, at the time the warrant was issued, anticipatory searches were not authorized by statute or court rule); Ex *1183 parte Lemus, 802 So.2d 1073 (Ala.2001) (relying on Ex parte Turner and rejecting application of the good-faith exception to the exclusionary rule because, at the time the warrant was issued, anticipatory searches were not authorized by statute or court rule).
Based on the foregoing reasons, I believe that the trial court abused its discretion when it denied Walker's motion for a new trial. Not only did Walker establish that counsel's performance was deficient because he failed to challenge the search based on the unsigned affidavit, but he also established prejudice because a motion to suppress based on the defective affidavit would have been granted if a trial court hearing the motion to suppress correctly applied existing law.
The trial court's determination that the officer's sworn testimony at the hearing on the motion for a new trial overcame the defect is not supported by the record. The trial court's determination that the good-faith exception to the exclusionary rule applies is equally unavailing. As discussed above, that exception cannot be applied to uphold a search when the affiant's reliance on the warrant was not objectively reasonable. The officer here could not, in good faith or with objective reasonableness, rely on a warrant issued based on a defective affidavit when he, himself, created the deficiency in the affidavit. The trial court's judgment should be reversed. Therefore, I respectfully dissent.